IN THE

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF SOMERSET,

1849.

---

## THE STATE *versus* JOHN W. WEEKS.

An indictment for maliciously breaking down a dam, belonging to a person named, cannot be sustained except on proof that such person had some interest in the dam.

EXCEPTIONS from the District Court, RICE, J. presiding.

Indictment for maliciously' breaking down, injuring and destroying a reservoir dam, the property of Andrew Morse, Jr., erected for the purpose of maintaining a head of water for the use of his mills; to the injury of said Morse.

Evidence was introduced, tending to show, that the defendant had some cause to believe that he himself owned the dam, and had the right to control it; and that, needing the water for the use of a mill which *he* owned on the stream below, he opened the bulkhead and let down some water. There was no other injury done.

The counsel for said Weeks, requested the Court to instruct the jury, (or advise them, if instructions should be declined,)

1st. That if the defendant owned the reservoir dam at the time of the act complained of, he is entitled to their verdict.

2d. That if he *believed*, he had the right to that dam and

to do the act complained of, and had good reasons so to believe, then he is entitled to their verdict.

3d. That if he opened the bulkhead, and did it because he wanted the water, and not with the malicious intent to injure Mr. Morse, then he is entitled to their verdict.

The first two requested instructions were declined and the last was given. And upon the subject matter of the requests, the Court stated to the jury, that it was of no consequence whether said Weeks owned the dam or not; that if he did own the dam, and did not really desire to use the water, but merely under a pretence that he needed it, did maliciously and for the purpose of injuring Morse, cut away the bulkhead, then the verdict should be against him. The verdict was against the defendant and he excepted.

*J. S Abbott*, for defendant.

The dam is described in the indictment as the property of Morse. It was necessary that the proof should conform to the allegation, even if it had not been necessary so to allege. The case not only fails to exhibit any the slightest evidence of ownership in Morse, but does exhibit evidence to disprove the allegation, and thereupon the Court not only declines to give the requested instructions, but does instruct the jury that, " it was of no consequence whether said Weeks owned the dam or not."

Matter of description must be proved as alleged. *State v. Noble*, 15 Maine, 477; *State* v. *Furlong*, 19 Maine, 230; *Commonwealth* v. *Mahar*, 16 Pick. 120; *Commonwealth* v. *Morse*, 14 Mass. 217; *Commonwealth* v. *Manley & al.* 12 Pick. 173.

*Tallman*, Attorney General, and *Hutchinson*, County Attorney, submitted the case without argument.

SHEPLEY, C. J. orally. — There was error in the instruction, that it was of no importance whether Weeks owned the dam or not, also in the instruction, that the defendant might be convicted, although the dam was not owned by Morse. The ownership by Morse, being alleged, must be proved. The in-

struction dispensed with such proof, and authorized a convic-
tion, even if the dam was not owned by Morse, but was
owned by Weeks himself.                *Exceptions sustained.*